■ ROSELLA GARCIA, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [882 NYS2d 279]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Balter, J.), dated June 7, 2007, which, upon, inter alia, the denial of its motion to dismiss the complaint for failure to establish a prima facie case, and upon a jury verdict on the issue of liability finding it 80% at fault and the plaintiff 20% at fault in the happening of the accident, is in favor of the plaintiff and against it.

Ordered that the judgment is reversed, on the law, with costs, and a new trial is granted.

On June 25, 2002, after visiting a friend in Brooklyn Heights, the plaintiff entered the Clark Street subway station to travel home. After passing through the turnstile, she took an elevator from the street to the mezzanine level, walked down a corridor, and began to descend a staircase leading to the platform. Al-

though there were handrails on both sides of the staircase and no one else on the stairs, the plaintiff chose to descend at the center of the staircase, out of reach of both handrails. As she placed her foot on the first step down, she lost her balance, was unable to regain it, could not reach a handrail, and fell down the stairs, sustaining injuries. She commenced this action against the defendant, alleging that the stairs were defective, inter alia, because of the absence of a center handrail and because the risers were of inconsistent heights. The plaintiff's expert, who measured the staircase and found it to be 97 inches wide from wall to wall, testified that the New York City Building Code required a center handrail on stairways more than 88 inches wide and also required consistent riser heights (see Administrative Code of City of NY § 27-375 [e] [2]; [f] [1] [hereinafter the Building Code]). Over the defendant's objection, the court instructed the jury that if it found that the stairway was in violation of Building Code § 27-375 (e) (2) and (f), it could consider the violation on the issue of the defendant's negligence. This instruction was error.

As in effect on the date of the plaintiff's accident, Building Code § 27-103 limited its own scope by specific reference to section 643 of the New York City Charter (hereinafter the City Charter): "This code shall apply to the construction, alteration, repair, demolition, removal, maintenance, occupancy and use of new and existing buildings in the city of New York . . . except as provided in section six hundred forty-three of the charter" (Building Code former § 27-103). Section 643 of the City Charter provides, in relevant part, that the jurisdiction of the New York City Department of Buildings "shall not extend to . . . subways or structures appurtenant thereto" (New York City Charter § 643 [7]). Inasmuch as the stairway at issue in this case is a structure wholly contained within a subway station and is inseparable from the function of that station, it is "appurtenant" to a subway within the meaning of section 643 of the City Charter (cf. Huerta v New York City Tr. Auth., 290 AD2d 33 [2001]). Consequently, the staircase was not subject to the Building Code, and it was thus error for the Supreme Court to allow the jury to conclude that the asserted noncompliance of the stairway with the Building Code was evidence of the defendant's negligence. Since the error was not harmless, a new trial is granted.

The defendant's remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Fisher, Miller and Eng, JJ., concur.